by specific citation to the record. After each paragraph, the word "response" must be inserted and a blank space provided that is reasonably calculated to allow the non-moving party sufficient space to respond to the assertion that the fact is undisputed. A copy of the statement of undisputed material facts must also be provided to opposing counsel in an editable electronic format. The requirement that a statement of undisputed material facts in the described format must accompany any motion for summary judgment applies to *pro se* parties. *Pro se* parties are excused from providing a copy of the statement of undisputed material facts to opposing counsel in an editable electronic format.

**(c) Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either:

**(1)** Agreeing that the fact is undisputed;

**(2)** Agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or

**(3)** Demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record.

The response must be made on the document provided by the movant or on another document in which the non- movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant. Such response must be filed with the papers in opposition to the motion for summary judgment. In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute. A copy of the statement of additional disputed facts must also be provided to opposing counsel in an editable electronic format. *Pro se* parties are excused only from providing a copy of the statement of additional disputed material facts to opposing counsel in an editable electronic format, and such *pro se* parties must otherwise comply with the requirements of this section.

**(d) Reply Statement.** If the non-moving party has asserted additional disputed facts, the moving party must file a reply statement responding to each of the additional disputed facts. The reply statement of the moving party must be filed within fourteen (14) days of the filing of the response of the non-moving party.

**(e) Definition of Record.** For purposes of this Rule, the term "record" shall include deposition transcripts, answers to interrogatories, affidavits, requests for admissions, and documents filed in support of or in opposition to the motion or documents otherwise in the court file.

**(f) Failure to Respond.** If a timely response to a moving party's statement of material facts, or a non-moving party's statement of additional facts, is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment.

## LR65.01 – APPLICATIONS FOR TEMPORARY RESTRAINING ORDER

**(a) Written Motion.** Any request for a Temporary Restraining Order (TRO) must be made by written motion separate from the complaint commencing the case.

**(b) Written Complaint and Memorandum.** Each motion for a TRO must be accompanied by a separately filed affidavit or verified written complaint, a memorandum of law, and a proposed order.

**(c) Fed.R.Civ.P. 65.** A motion for a TRO must be made in strict compliance with Fed.R.Civ.P. 65. If the movant is not represented by counsel, the *pro se* moving party must certify in writing the efforts made to give notice of the request for a TRO and the reasons why notice should not be required.

**(d) Request for a Hearing.** If an emergency hearing is requested in connection with a motion for a TRO, counsel for the moving party must contact the Clerk in advance of the filing of the motion to request the scheduling of a hearing.

**(e) Disposition of Motion for TRO.** A motion for a TRO is presented to the District Judge assigned to the case if that Judge is available. If the assigned District Judge is not available, the motion for a TRO may be disposed of by some Judge other than the Judge assigned to the case. If the motion for a TRO is decided by a District Judge other than the Judge assigned to the case, the District Judge deciding the motion for a TRO may, in that Judge's discretion, keep the case or return it to the assigned Judge for all further matters.

## LR67.01 – DEPOSIT IN COURT

**(a) Acceptance by Clerk.** Except with respect to garnishments, litigation in which the United States is a party, or matters on the Central Violations Bureau ("CVB") docket (as provided for in LCrR 58), the Clerk shall not, unless authorized by order of the Court, accept payment of judgments.

**(b) Certificate of Receipt of Judgment by Counsel.** Counsel shall upon receipt of payment of a judgment, file a certificate of receipt of payment and satisfaction of judgment.

**(c) Deposit or Registry Fund Orders.** All orders presented to the Court with reference to the deposit or registry funds must contain the following provisions:

IT IS ORDERED that counsel presenting this order serve a copy thereof on the Clerk of this Court or his Chief Deputy personally. Absent the aforesaid service, the Clerk is hereby relieved of personal liability relative to compliance with this order.

IT IS FURTHER ORDERED that all funds received shall be deposited in the Court Registry Investment System (CRIS) administered by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 2045.

IT IS FURTHER ORDERED that counsel designate the name and address of the individual, or individuals, who are to receive the monies in the order of disbursement of funds. Social Security numbers shall not be included in documents to be filed but shall be provided to the Clerk's Office upon request. Corporations, associations and all others will supply the employer identification number with the correct title and address upon request of the Clerk's Office.

17


# Rule 65 – Injunctions and Restraining Orders

### (a) **Preliminary Injunction**.

(1) *Notice.* The court may issue a preliminary injunction only on notice to the adverse party.

(2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

### (b) **Temporary Restraining Order**.

(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) *Contents; Expiration.* Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) *Expediting the Preliminary-Injunction Hearing.* If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) *Motion to Dissolve.* On 2 days' notice to the party who obtained the order without notice —or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) **Security**. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

(d) **Contents and Scope of Every Injunction and Restraining Order**.

(1) *Contents.* Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

(C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

(2) *Persons Bound.* The order binds only the following who receive actual notice of it by personal service or otherwise:

(A) the parties;

(B) the parties' officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

(e) **Other Laws Not Modified**. These rules do not modify the following:

(1) any federal statute relating to temporary restraining orders or preliminary injunctions in

actions affecting employer and employee;

(2) 28 U.S.C. §2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader; or

(3) 28 U.S.C. §2284, which relates to actions that must be heard and decided by a three-judge district court.

**(f) Copyright Impoundment**. This rule applies to copyright-impoundment proceedings.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Dec. 29, 1948, eff. Oct. 20, 1949; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 23, 2001, eff. Dec. 1, 2001; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

Search

➡️ Ru es : ure fo

# Menu

T

Title I Ru of Action (Ru an 1 2)

Title II – Com cing an Ac ion; vice 1 Motion and C rs ·· -6)

Title III – n l Moti < · 6)

Ti 7 5)

Ti e V – ry (F

Title VI –

T e VII 3)

T VIII Fin R 71)

T ( Pr -73)

Title X ts E s )

T e XI s n

**Title XII –** Appendix of Forms [Abrogated]

**Title XIII –** Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions **(Rules A-G)**

Purchase the print edition of the 2024 Federal Rules of Civil Procedure for $19.50.

# Other Sites

Federal Rules of Evidence

Federal Rules of Bankruptcy Procedure

Federal Rules of Criminal Procedure

Federal Rules of Appellate Procedure

U.S. Bankruptcy Code

Copyright © 2025 The National Court Rules Committee

Tennessee Civil Procedure Rule 65.01(a) is about injunctive relief, which can be obtained through a restraining order, temporary injunction, or permanent injunction:

- **Restraining order**: Restricts the doing of an act

- **Injunction**: Can restrict or direct the doing of an act

- **Duration**: Injunctions typically last 15 days from the date of entry, but can be extended for good cause or with the consent of the opposing party

# google.com

🜊 Search Labs | AI Overview          W    ⋮

Hale v. Kentucky was a 1938 Supreme
Court case that overturned the conviction
of an African American man for murder.
The case was brought because the lower
court in Kentucky had systematically
excluded Black people from serving on
the jury. 🔗

## Case details: 🔗

- The case was brought by Joe Hale, a 19-
  year-old African American man who was
  convicted of murdering a white man in
  Paducah, Kentucky in 1936.

- The NAACP represented Hale, including
  Thurgood Marshall, Leon A. Ransom, and
  Charles H. Houston.

- The case was decided on the basis that
  the Fourteenth Amendment's guarantee of
  equal protection of the laws had been
  violated.

**Hale v. Commonwealth of**          Hale v. Kentu
**Kentucky (case)**                  **Wikipedia**

Sep 29, 2017 — Hale v.              Kentucky. ... Hale


# Brady v. Maryland, 373 U.S. 83 (1963)

Overview Opinions Materials

**Granted:**

October 8, 1962

**Argued:**

March 18, 1963

**Argued:**

March 19, 1963

**Decided:**

May 13, 1963



# 18 U.S. Code § 241 - Conspiracy against

the best experience on our website. Learn more



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

9589 0710 5270 1712 8184 09

U.S. POSTAGE PAID
FCM LG ENV
SPRINGFIELD, IL 62703
OCT 30, 2024

$9.76
S2324A501876-03

37381

Retail

UNITED STATES
POSTAL SERVICE

refused

Jessica Hill
14735 Toestring Valley Rd.
Spring City, TN 37381

0212/15

NIXIE          404          4E 1

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

Tennessee Civil Procedure Rule 65.01(a) is about injunctive relief, which can be obtained through a restraining order, temporary injunction, or permanent injunction: 🔗

- **Restraining order**: Restricts the doing of an act 🔗

- **Injunction**: Can restrict or direct the doing of an act 🔗

- **Duration**: Injunctions typically last 15 days from the date of entry, but can be extended for good cause or with the consent of the opposing party 🔗



Search Labs | AI Overview    W    ⋮

Hale v. Kentucky was a 1938 Supreme Court case that overturned the conviction of an African American man for murder. The case was brought because the lower court in Kentucky had systematically excluded Black people from serving on the jury. 🔗

## Case details: 🔗

- The case was brought by Joe Hale, a 19-year-old African American man who was convicted of murdering a white man in Paducah, Kentucky in 1936.

- The NAACP represented Hale, including Thurgood Marshall, Leon A. Ransom, and Charles H. Houston.

- The case was decided on the basis that the Fourteenth Amendment's guarantee of equal protection of the laws had been violated.

**Hale v. Commonwealth of Kentucky (case)**

Sep 29, 2017 — Hale v.

**Hale v. Kentu Wikipedia**

Kentucky. ... Hale



Cornell Law School     Search Cornell

     Q     Menu

# 42 U.S. Code § 1985 - Conspiracy to interfere with civil rights

U.S. Code     Notes

prev | next

**(1)** PREVENTING OFFICER FROM PERFORMING DUTIES

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place,



**Cornell Law School**  Search Cornell





 Q Menu

as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

**(2) OBSTRUCTING JUSTICE; INTIMIDATING PARTY, WITNESS, OR JUROR**
If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being




enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

### (3) DEPRIVING PERSONS OF RIGHTS OR PRIVILEGES

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force,

# U.S. District Court
## Middle District of Tennessee (Cookeville)
### CIVIL DOCKET FOR CASE #: 2:25-cv-00034

Webb v. Gardner Mayberry et al
Assigned to: District Judge Waverly D. Crenshaw, Jr
Cause: 42:1985 Conspiracy to Interfere with Civil Rights

Date Filed: 05/01/2025
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

#### Plaintiff

**Gregory Ryan Webb**                    represented by **Gregory Ryan Webb**
329 East Tanner
Waverly, IL 62692
865-297-6641
PRO SE

V.

#### Defendant

**Ivy Jo Gardner Mayberry**
*Attorney for Tennessee Dept. Children Services*

#### Defendant

**Lewana Castillo Webb**
*Correctional Officer*

#### Defendant

**Kevin Bryant**
*Attorney*

#### Defendant

**Avery York, Jr.**

#### Defendant

**Cumberland County Sheriff Dept.**

#### Defendant

**Cumberland County Probate & Family Clerk**

#### Defendant

**Cumberland County Circuit Court Clerk**

#### Defendant

**John Tyler Merchant**
*Correctional Officer*

**Defendant**

**Jessica Danielle Hill**

**Defendant**

**Josh Tollett**
*Previous Employer*

**Defendant**

**13th District DA's Office**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/01/2025 | 1 | COMPLAINT against 13th District DA's Office, Kevin Bryant, Cumberland County Circuit Court Clerk, Cumberland County Probate & Family Clerk, Cumberland County Sheriff Dept., Ivy Jo Gardner Mayberry, Jessica Danielle Hill, John Tyler Merchant, Josh Tollett, Lewana Castillo Webb, Avery York, Jr., filed by Gregory Ryan Webb. (Attachments: # 1 Attachment - Business Entity Disclosure, # 2 Attachment - Proposed Summons, # 3 Attachment - Civil Cover Sheet)(ch) (Entered: 05/01/2025) |
| 05/01/2025 | 2 | APPLICATION for Leave to Proceed In Forma Pauperis by Gregory Ryan Webb. (ch) (Entered: 05/01/2025) |
| 05/01/2025 | 3 | NOTICE OF ADMINISTRATIVE ORDER NO. 217 to parties re obligation of counsel to keep Court apprised of current contact information. (ch) (Entered: 05/01/2025) |
| 05/01/2025 | 4 | NOTICE/INFORMATION regarding Consent of the Parties to the Magistrate Judge. (ch) (Entered: 05/01/2025) |
| 05/01/2025 | 5 | NOTICE of Business Entity Disclosure Statement filing requirement. (ch) (Entered: 05/01/2025) |
| 05/01/2025 | | Notice mailed to pro se party regarding filing of new case (docket sheet & certificate of service form and Notice of Consent form included).(ch) (Entered: 05/01/2025) |