UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| GREGORY RYAN WEBB, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
|  | ) | No. 2:25-cv-00034 |
| v. | ) |  |
| IVY JO GARDNER MAYBERRY, *et al.*, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb, a resident of Waverly, Illinois, has filed a pro se complaint against Ivy Jo Gardner Mayberry, Lewana Castillo Webb, Kevin Bryant, Avery York, Jr., Cumberland County Sheriff's Department, Cumberland County Probate & Family Clerk, Cumberland County Circuit Court Clerk, John Tyler Merchant, Jessica Danielle Hill, Josh Tollett, and the 13th District DA's Office. The complaint asserts conspiracy claims against all Defendants under 42 U.S.C. § 1985. (Doc. No. 1). Webb also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), a Motion to Amend/Correct Complaint (Doc. No. 7), a Motion for Temporary Restraining Order (Doc. No. 8), a Motion to Seal (Doc. No. 9), and an unspecified "Motion" (Doc. No. 10). Before the Court proceeds, the Court must address the filing fee.

### I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. Adkins, 335

1

U.S. at 339; Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." Foster, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." Id.

Plaintiff's IFP Application (Doc. No. 2) reflects that he is unable to bear the costs of paying the filing fee in this case. Plaintiff states that he is homeless, his monthly expenses total "$1000ish", he has no cash, he has no funds in any accounts, and he earns "less than $1000" per month and expects the same income next month. (Id. at 1-5). Therefore, Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

## II. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff has filed a Motion for a Temporary Restraining Order ("TRO") (Doc. No. 8) in which he asks the Court to enjoin Defendant Jessica Danielle Hill "from committing any act against [Plaintiff] to attempt to prevent [Plaintiff] from appearing non-credible witness to this case and related case(s)." (Id. at 8). As explained below, the Court cannot consider the merits of the motion in its current form.

A TRO movant must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied

by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, Plaintiff's TRO motion is not supported by a verified complaint or affidavit. In his TRO motion, Plaintiff states that he has "attached a copy of the requested amended complaint that should be verified before this Motion is heard by the Court." (Doc. No. 8 at 2). However, the only proposed amended complaint submitted by Plaintiff, which he submitted prior to his TRO motion, is not verified. (See Doc. No. 7-1). Plaintiff's original complaint is not verified either. In addition, Plaintiff states that "notice should no longer be required" because he has "executed previous attempts and notice(s) for TRO." (Doc. No. 8 at 2). However, Plaintiff does not provide any details regarding any attempts to provide the required notice to Ms. Hill of the instant TRO motion. Thus, Plaintiff has not placed specific facts before the Court in a manner allowing it to fairly evaluate the TRO motions on the merits.

Accordingly, the Court will deny Plaintiff's Motion for a TRO (Doc. No. 8).

### III. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

The Court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)

3

Case 2:25-cv-00034   Document 11   Filed 08/22/25   Page 3 of 7 PageID #: 176

(quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff has filed a Motion to Amend/Correct his original complaint. (Doc. No. 7). As no Defendants have been served yet, the Court will grant Plaintiff's motion and screen his amended complaint, which is docketed as Doc. No. 7-1.

The allegations set forth in the amended complaint all relate in some way to Plaintiff's divorce proceedings or to Plaintiff's belief that a "premeditated election conspiracy" somehow was connected to his divorce proceedings. (Doc. No. 7-1 at 4). Plaintiff alleges that all Defendants were engaged in this conspiracy to deprive Plaintiff of his civil rights. The complaint seeks $250,000,000 from Defendants, attorney and litigation costs, declaratory relief, and injunctive relief. (Id. at 45).

Plaintiff's claims are brought pursuant to 42 U.S.C § 1985(2) and (3). (See Doc. No. 7-1 at 6). The first clause of Section 1985(2) "prohibits conspiracies to influence parties, witnesses, or jurors in federal court proceedings." Fox v. Mich. State Police Dep't, 173 F. App'x 372, 376 (6th Cir. 2006). Plaintiff alleges a conspiracy only as to state-court proceedings, so the first clause of Section 1985(2) does not apply.

The second clause of Section 1985(2) and Section 1985(3) share a common element: a racial or otherwise class-based discriminatory animus. See id. Specifically,

> [u]nder both the second clause of § 1985(2), which prohibits conspiracies to interfere with due process in state courts with the intent to deprive persons of their

4

equal protection rights, and § 1985(3), which prohibits conspiracies to deprive persons of their equal protection rights, a plaintiff must allege that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."

Id. (quoting Kush v. Rutledge, 460 U.S. 719, 726 (1983)).

42 U.S.C. § 1985(3) "creates a cause of action for a conspiracy between two or more persons to deprive another of the equal protection of the laws." Jackson v. City of Cleveland, 925 F.3d 793, 817 (6th Cir. 2019). To prevail on a conspiracy claim under Section 1985(3), a plaintiff must prove (1) a conspiracy involving two or more people; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) which caused injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. Radvansky v. City of Olmstead Falls, 395 F.3d 291, 314 (6th Cir. 2005). Additionally, as noted above, the plaintiff must prove that the "conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." Moniz v. Cox, 512 F. App'x 495, 499-500 (6th Cir. 2013) (collecting cases).

"'While they need not produce direct evidence of a meeting of the minds, [plaintiffs] must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective.'" Pahssen v. Merrill Cmty. Sch. Dist., 668 F.3d 356, 368 (6th Cir. 2012) (quoting Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 2996)). For this reason, "conspiracy claims must be pled with some degree of specificity . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir. 1987).

Even in reviewing the amended complaint in its most liberal construction, the Court finds only conclusory allegations of conspiracy without the factual allegations necessary to underpin

5

Plaintiff's claims. Broad, conclusory language, without factual allegations necessary to show the element of conspiracy, is insufficient to show a claim pursuant to 42 U.S.C. § 1985. See Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984). At no point does Plaintiff allege Defendants' actions were based on racial animus, were class-based, or even that Plaintiff is a member of a protected class. The amended complaint therefore fails to state Section 1985(2) and (3) claims against Defendants.

To the extent that the complaint seeks to reverse the outcome of Plaintiff's divorce proceedings (which includes determinations as to the custody of his son),[1] such claims fall squarely within the scope of Rooker-Feldman. See Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC, 731 F. App'x 431, 436 (6th Cir. 2018) (plaintiffs' claims that effectively sought to appeal a state court order were barred by Rooker-Feldman even though they were asserted as independent claims against third parties); Givens v. Homecomings Fin., 278 F. App'x 607, 609 (6th Cir. 2008) ("Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of Rooker-Feldman was appropriate."); Bowman v. Cortellessa, 2012 WL 676406 (E.D. Ky. Feb. 29, 2012) (plaintiff was barred by Rooker-Feldman doctrine from bringing claims against former spouse based on allegations that benefits had not been appropriately awarded in state divorce proceeding and that the former spouse provided the state court with false and/or perjured information).

For all these reasons, this action will be dismissed.

---

[1] Plaintiff maintains that his son has been "kidnapped" rather than custody being awarded to the son's mother. (See Doc. No. 7-1 at 20).

6

Case 2:25-cv-00034 Document 11 Filed 08/22/25 Page 6 of 7 PageID #: 179

## IV. REMAINING MOTIONS

Plaintiff's Motion to Seal (Doc. No. 9) does not contain a request to seal any particular document. The motion simply states that Plaintiff is "requesting Court or Clerk[']s discretion to seal or not." (Id. at 1). Plaintiff's motion lacks the required specificity to seal any part of this case. The motion will be denied.

Next, Plaintiff's self-titled "Motion" (Doc. No. 10) appears to be Plaintiff's attempt to submit a Business Entity Disclosure Statement and a Civil Cover Sheet. That motion will be granted to the extent that the Court accepts those documents for filing.

## V. CONCLUSION

For the reasons explained herein, Plaintiff's Motion to Amend/Correct Complaint (Doc. No. 7) and "Motion" (Doc. No. 10) are **GRANTED**.

Plaintiff's Motion for Temporary Restraining Order (Doc. No. 8) is **DENIED**. Likewise, Plaintiff's Motion to Seal (Doc. No. 9) is **DENIED**.

Plaintiff's Section 1985 claims against all Defendants fail to state claims upon which relief can be granted. Accordingly, this case is **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
UNITED STATES DISTRICT JUDGE